IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAUL K., and STEPHANIE K., on behalf of themselves and their minor child, JOSHUA K., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF HAWAII, <br><br> Defendant. | CIVIL NO. 07-00322 SOM/KSC <br><br> ORDER VACATING HEARING OFFICER'S MAY 15, 2007, DECISION DISMISSING PLAINTIFF'S PETITION FOR A DUE PROCESS HEARING |

ORDER VACATING HEARING OFFICER'S MAY 15, 2007, DECISION DISMISSING PLAINTIFF'S PETITION FOR A DUE PROCESS HEARING

I.     INTRODUCTION.

This is an appeal from an administrative ruling concerning the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1487. In this appeal, the parents of a child diagnosed with Autism Spectrum Disorder, on behalf of themselves and their son, challenge the dismissal of their petition regarding their son's educational program. The State hearing officer dismissed Plaintiffs' petition on the ground that, when the period in which he was required to rule passed without his issuance of a ruling, he lost jurisdiction over the matter.

This court does not read the 45-day period set forth in the Code of Federal Regulations and Hawaii Administrative Rules as jurisdictional. Rather, the provision setting the time within which a hearing officer must make a final decision in a due

process hearing is designed to protect the rights of children with disabilities and their parents under the IDEA by ensuring a prompt ruling in what is often a time-sensitive context.  This court vacates the hearing officer's May 15, 2007, Order Granting Defendant's Motion to Dismiss and remands this case for proceedings on the merits.

II.        STATUTORY AND FACTUAL BACKGROUND.

The IDEA seeks to ensure that children with disabilities have available to them a free appropriate public education.  20 U.S.C. § 1400(d)(1).  The IDEA therefore provides procedural safeguards to ensure that children with disabilities receive a free appropriate public education.  See 20 U.S.C. § 1415.  One of these procedural safeguards is the opportunity to have an impartial due process hearing conducted by the State or local educational agency. 20 U.S.C. § 1415(f).

Joshua K. is a child diagnosed with Autism Spectrum Disorder.  There is no dispute that Joshua is eligible for certain services under the IDEA.  Under his Individualized Educational Program ("IEP"), Joshua has been receiving specialized education at a private school in Honolulu.  On November 24, 2006, pursuant to the procedural safeguards set forth under the IDEA, Plaintiffs requested an impartial due process hearing regarding Joshua's educational program and sought reimbursement for Joshua's educational expenses.

2

A public agency such as the State of Hawaii's Department of Education ("DOE") is required by 34 C.F.R. § 300.515(a) to ensure that a hearing officer makes a decision within 45 days.  34 C.F.R. § 300.515(a).  The Hawaii Administrative Rules similarly require that the DOE ensure that a final decision is made by the hearing officer within 45 days after receipt of a request for a hearing.  Haw. Admin. R. § 8-56-77(a).

Plaintiffs and the DOE entered into settlement negotiations.  To facilitate those negotiations, the due process hearing was rescheduled several times, and the 45-day period in which the hearing officer had to make a decision ("the Decision Deadline") was extended to April 6, 2007.  See Admin. Record on Appeal ("RA") at 12.  On March 5, 2007, the hearing officer reminded both parties that the Decision Deadline would expire on April 6, 2007, and asked Plaintiffs to submit a request to extend the deadline from April 6, 2007, to June 8, 2007.  RA at 42.  On April 16, 2007, the hearing officer informed the parties that he had not received a request to extend the Decision Deadline.  On April 18, 2007, twelve days after the Decision Deadline, Plaintiffs requested an extension of the Decision Deadline.  RA at 25.  On April 19, 2007, Rowena Eddins, a DOE attorney, argued to the hearing officer that Plaintiffs' request was "moot inasmuch as jurisdiction expired on April 6, 2007."  RA at 26.

The hearing officer responded the next day by inviting the DOE to move to dismiss Plaintiffs' request for an impartial due process hearing.  See RA at 155.  The DOE filed such a motion to dismiss, and, on May 15, 2007, the hearing officer issued an order granting the DOE's motion on the ground that he had been divested of subject matter jurisdiction as of April 7, 2007.  RA at 157-58.

The dismissal by the hearing officer was consistent with a memorandum he had issued on January 8, 2007, which stated that cases in which the 45-day period or extension thereof had lapsed were subject to dismissal for lack of subject matter jurisdiction.  The memorandum further stated that petitioners should be vigilant in avoiding the lapsing of extension orders because, once jurisdiction lapsed, the petitioning party would need to file a new request for an impartial hearing, possibly leading to unanticipated procedural and substantive consequences.  After the date of his memorandum but before the hearing officer dismissed Plaintiffs' petition, United States District Judge J. Michael Seabright issued a ruling in Blake C. ex rel. Tina F. v. Department of Education, State of Hawaii, 2007 WL 1240211, *1 (D. Haw. Apr. 26, 2007), which the hearing officer read as bolstering his jurisdictional analysis.  In dismissing Plaintiffs' request, the hearing officer therefore cited Judge Seabright's decision, discussed later in this order.  The hearing officer was the chief

4

hearing officer at the time, serving as an administrative leader with respect to other hearing officers.

III.		STANDARD OF REVIEW.

		While administrative decisions are often entitled to some deference, judicial review of IDEA cases differs substantially from judicial review of those agency actions in which courts generally are confined to the administrative record and held to a highly deferential standard of review.  See Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1471 (9th Cir. 1993).  In recognition of the expertise of the administrative agency with regard to educational policy, a court "must consider the findings carefully and endeavor to respond to the hearing officer's resolution of each material issue.  After such consideration, the court is free to accept or reject the findings in part or in whole."  County of San Diego v. Cal. Special Educ. Hearing Office, 93 F.3d 1458, 1466 (9th Cir. 1996)  Courts are not permitted to simply ignore the administrative findings.  Id.

		Statutory interpretation is reviewed de novo.  Arizona State Bd. For Charter Schools v. U.S. Dept. of Educ., 464 F.3d 1003 (9th Cir. 2006); Nelson v. Heiss, 271 F.3d 891, 893 (9th Cir. 2001) (stating that "issues of statutory construction are questions of law . . . review[ed] de novo"); See also Forest Grove Sch. Dist. v. T.A., 523 F.3d 1078 (9th Cir. 2008) (stating that the court "review[s] de novo questions of law); P.S. v.

Brookfield Bd. of Educ., 353 F. Supp. 2d 306, 310 (D. Conn. 2005) ("Deference need not . . . be given to conclusions of law reached in the prior proceeding."); New Paltz Cent. Sch. Dist. v. St. Pierre ex rel. M.S., 307 F. Supp. 2d 394, 397 (N.D.N.Y. 2004) ("The district court must use a modified de novo standard of review in evaluating state administrative determinations.  On the one hand, the court must give due weight to the administrative proceedings mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve questions of educational policy."  However, "the court must review conclusions of law based on the interpretation of federal statutes de novo." (internal quotation marks, citations, and brackets omitted)); Alexis v. Bd. of Educ. For Baltimore County Pub. Sch. 286 F. Supp. 2d 551, 556 (D. Md. 2003) ("Findings of fact by the hearing officer are entitled to be considered prima facie correct . . . but [t]he hearing officer's conclusions of law . . . merit no such deference; the court draws its own legal conclusions de novo.") (internal citations and quotations marks omitted)); L.K. ex rel. J.H. v. Bd. of Educ. for Transylvania County, 113 F. Supp. 2d 856, 857 (W.D.N.C. 2000) ("As to conclusions of law, the determinations made in the administrative proceedings are reviewed de novo.").

        The issue on appeal is whether the hearing officer properly dismissed Plaintiffs' petition based on his conclusion

that 20 U.S.C. § 1415(f), 34 C.F.R § 300.515, Hawaii Administrative Rules § 8-56-77, and Blake C., 2007 WL 1240211, at *1, divested him of subject matter jurisdiction after the Decision Deadline had lapsed.  This is a question of law that this court reviews de novo, according no deference to the hearing officer's legal conclusion.

IV.	ANALYSIS.

The hearing officer erred in concluding that the Decision Deadline set forth in rules and regulations applicable to the IDEA divested him of jurisdiction once the period ended. Nothing in the IDEA and applicable federal and state rules and regulations indicates that the period is jurisdictional. Instead, that period protects the rights of children with disabilities and their parents under the IDEA.

Section 1415 of the IDEA falls under the heading "Procedural safeguards" and provides that "[a]ny State educational agency, State agency, or local educational agency that receives assistance . . . shall establish and maintain procedures in accordance with this section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to receiving a free appropriate public education by such agencies."  20 U.S.C. § 1415(a).

7

One such procedural safeguard is the right of parents to "have an opportunity for an impartial due process hearing . . . conducted by the State or local educational agency." 20 U.S.C. § 1415(f)(1)(A). The IDEA further provides that, "[i]f the local educational agency has not resolved the complaint to the satisfaction of the parents within 30 days of receipt of the complaint, the due process hearing may occur, and all of the applicable deadlines for a due process hearing . . . shall commence." 20 U.S.C. § 1415(f)(1)(B)(ii); see also 34 C.F.R. § 300.510(b)(1) ("If the [local education agency] has not resolved the due process complaint to the satisfaction of the parent within 30 days of the receipt of the due process complaint, the due process hearing may occur.").

Under 34 C.F.R. § 300.515(a), "[t]he public agency must ensure that not later than 45 days after the expiration of the 30 day period . . . [a] final decision is reached in the hearing." 34 C.F.R. § 300.515(a). The Hawaii Administrative Rules similarly provide that "[t]he department shall ensure that no later than forty-five days after the receipt of a request for a hearing . . . [a] final decision is reached in the hearing[.]" Haw. Admin. R. 8-56-77. Nothing in these provisions supports the hearing officer's conclusion that he lacked subject matter jurisdiction once the Decision Deadline lapsed.

Nor does Judge Seabright's ruling in <u>Blake C.</u>, 2007 WL 1240211, at *5, hold that the hearing officer was divested of jurisdiction at the end of the Decision Deadline. At most, <u>Blake C.</u> stated in dicta:

> Administrative Hearing Officers in IDEA cases have a limited temporal jurisdiction--lasting for forty-five days from the receipt of a request for a hearing--in which they must issue a decision. <u>See</u> 34 CFR § 300.511 and Hawaii Administrative Rules ("HAR") § 8-56-77. After that forty-five day period--absent an extension of the forty-five day period or a remand from a court of competent jurisdiction--Hearing Officers are divested of jurisdiction.

While this court recognizes that the distinction between a holding and dicta is often illusory and that parties understandably study every word in every ruling, this statement was neither a decision on a contested issue nor essential to Judge Seabright's ruling. The issue in <u>Blake C.</u> was whether a hearing officer's jurisdiction was narrowly confined to the question remanded, or whether the hearing officer could address issues beyond those remanded. <u>Id.</u> at *5.

The hearing officer's interpretation of the Decision Deadline as a jurisdictional prerequisite is simply inconsistent with the overall purpose of the IDEA. In <u>Winkelman ex rel. Winkelman v. Parma City School District</u>, 127 S. Ct 1994, 1998 (2007), the Supreme Court recognized that "a proper interpretation of the [IDEA] requires a consideration of the

entire statutory scheme." The Court stated that the "goals of IDEA include 'ensuring that all children with disabilities have available to them a free appropriate public education' and 'ensuring that the rights of children with disabilities and parents of such children are protected.'" Id. at 2000 (quoting 20 U.S.C. 1400(d)(1)(A)-(B) (internal brackets omitted)). The Court further pointed out that the "statute also sets up general procedural safeguards that protect the informed involvement of parents in the development of an education for their child." Id. "A central purpose of the parental protections is to facilitate the provision of a free and appropriate public education . . . , which must be made available to the child . . . ." Id. (citations omitted). The Court noted that the statute takes "greats pains to ensure that the rights of children with disabilities and parents of such children are protected." Id. at 2005 (citation omitted).

   Consistent with Winkelman, Chief Judge Helen Gillmor of this district has interpreted the Decision Deadline as protecting the child's right to an expeditious determination. See Melodee H. and John H., on behalf of their son Kelii H. v. Dep't of Educ., 2006 WL 2927576, at *3 (D. Haw. Oct. 11, 2006) (stating that the regulations make clear that the purpose of the Decision Deadline "is to ensure an expeditious resolution of the issues raised in the petitioner's request for hearing," and that

incorrect application of the Decision Deadline resulting in dismissal of Plaintiffs' request "runs directly contrary to the regulations' overall goal of <u>resolving the issues</u> raised by the petitioner." (emphasis in original)).

Similarly, in <u>Enqwiller v. Pine Plains Central School District</u>, 110 F. Supp. 2d 236, 240 (S.D.N.Y. 2000), the district court stated that "Congress passed the IDEA to 'assure that all children with disabilities have available to them a free and appropriate public education . . . .'" The court pointed out that the "IDEA imposes elaborate requirements to be followed in the event of a disagreement between the parents and the local educational agency with respect to the child's IEP." <u>Id.</u> With regard to the Decision Deadline, the court stated that the "brevity of the 45-day requirement indicates Congress's intent that children not be left in an administrative limbo while adults maneuver over the aspect of their lives that would, in large measure, dictate their ability to function in a complex world." <u>Id.</u>

Clearly, the IDEA is designed to ensure that children with disabilities receive a free appropriate public education, and that those children and their parents are afforded procedural protections of that right. The hearing officer's interpretation of the IDEA, applicable regulations, and administrative rules as automatically divesting him of jurisdiction at the end of the

11

Decision Deadline flies in the face of the very spirit of the IDEA. This interpretation could result in serious injustice.

Say, for example, that a hearing officer informed the parties that his due process hearing decision would issue on the last day of the 45-day period. Suppose the hearing officer was then injured in an automobile accident and hospitalized for days, unable to issue a decision by the Decision Deadline. Under the interpretation of the hearing officer in the present case, the injured hearing officer would lose jurisdiction. The parents or their child, having been expecting a timely decision and having had no reason to seek an extension of the Decision Deadline, would find their petition dismissed! Even assuming the parents could re-file their request for a due process hearing, the resulting delay could well mean that the child was without essential educational services for an extended period. To so read a provision designed to protect the child would thwart the IDEA entirely. The child could be left in what the Engwiller decision called "an administrative limbo." See Engwiller, 110 F. Supp. 2d at 240.

The hearing officer's interpretation conflicts not only with the spirit of the IDEA, but also with the letter of the law. The applicable rules and regulations clearly place the burden on the DOE to ensure that a decision is timely made. See 34 C.F.R. § 300.515(a) (requiring "[t]he public agency" to ensure that a

12

decision is reached within the stated period (emphasis added)); Haw. Admin. R. § 8-56-77 (requiring "[t]he <u>department</u>" to ensure a timely decision (emphasis added)).  When the hearing officer invited the DOE to move to dismiss and the DOE then successfully did move to dismiss Plaintiffs' petition, the DOE was not "ensuring" that the hearing officer made an expeditious decision. Instead, the DOE was taking advantage of its own failure to ensure a timely decision.

The issue of which party has the burden of ensuring a timely decision was expressly addressed by the district court in <u>Zakary M. by Donna M. v. Chester County Intermediate Unit</u>, 1995 WL 739708 *1 (E.D. Pa. Dec. 6, 1995).  In that case, the parents of an autistic child brought a motion for summary judgment, seeking reimbursement for tuition and other expenses related to the public agency's failure to provide educational services and opportunities required under the IDEA.  Although the hearing officer and administrative appeals panel found deficiencies in the public agency's actions, the parents ultimately recovered no money because they were found responsible for a delay in scheduling the due process hearing.  <u>Id.</u> at *4.  The district court reversed, stating that "neither the [IDEA], its accompanying regulations, or relevant case law places such obligation on the parents."  <u>Id.</u>

13

Analyzing the regulation in effect at the time--which is virtually identical to the provision at issue in this case, the district court stated that, under the provision, "'the public agency shall ensure that not later than 45 days after the receipt of a requested hearing--a final decision is reached in the hearing[.]'" Id. "[The IDEA] places the burden to conduct a timely hearing directly on the public agency--here, the CCIU." Id. The court held that the "regulation specifically sets forth that it was the duty of the CCIU in this case and not the parents to 'ensure' that a timely hearing and decision took place after the plaintiffs requested a due process review of the IEP decision." Id. Thus, "under the IDEA's regulations, the hearing officer and appeals panel erred in finding that it was the obligation of the parents to 'ensure' the hearing was timely held." Id.

This court agrees with the reasoning in Zachary M. The very letter of the law requires the DOE, not the parents, to ensure a timely decision.

As Plaintiffs' counsel noted at the hearing before this court, shifting the burden to the parents to seek an extension of the Decision Deadline creates an anomaly. The parents are seeking and are entitled to an expeditious decision, yet are called upon to move to extend the Decision Deadline. This court fully understands that the State's hearing officers are

understaffed and overworked, so that decisions within 45 days will not always be feasible.  This court is not questioning the need for an extension in any particular case.  This court rather reads the laws concerning timely decisions as not consistent with requiring the parents to be the parties who seek an extension, and certainly as not creating a jurisdictional bar that works against the disabled child.

V.      CONCLUSION.

For the foregoing reasons, the hearing officer's May 15, 2007, Order Granting Defendant's Motion to Dismiss is vacated.  This case is remanded to the hearing officer for further proceedings on the merits that are not inconsistent with this order.

The clerk of court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 1, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Paul K., et al. v. State of Hawaii, Civ. No. 07-00322 SOM/KSC; Order Vacating Hearing Officer's May 15, 2007, Decision Dismissing Plaintiff's Petition for a Due Process Hearing.